UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BARRETT SOLDER,<br><br>  Plaintiff,<br><br>v.<br><br>SANTA ANA POLICE DEPARTMENT,<br><br>  Defendant. | Case No. 8:25-cv-02392-SB-JC<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

Plaintiff, a self-represented litigant, filed this action against the Santa Ana Police Department (SAPD) and seven unnamed officers alleging violations of his civil rights. The Court screens the complaint, as required, to determine if it states a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).

I.

The complaint alleges that in November 2023, Plaintiff was "tortured by SAPD" while at the city jail. Dkt. No. 1 at 4. He was purportedly strapped to a chair and assaulted by seven officers: Officer 2 stomped on his feet and toes, tased him, and kneed him in the genitals; Officers 3–6 punched him in the face, chest, and head; Officer 7 gouged his right eye; and Officer 8 struck Plaintiff in the head while he was on an ambulance gurney and told him to "shut his mouth." *Id.* at 4, 7. As a result, he suffered severe head trauma and broken ribs, among other injuries. *Id.* at 5. He also developed post-traumatic stress disorder and depression. *Id.* Plaintiff was "extremely afraid" and "thought they were going to kill [him]" during the incident. *Id.*

Based on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his "right against excessive force" and Eighth Amendment rights. He seeks $20 million in damages for his physical and mental suffering and an additional $20 million in punitive damages. *Id.*

## II.

The complaint fails for several reasons.

1.   The complaint fails to comply with Rule 8. Fed. R. Civ. P. 8(a)(2). To comply, a plaintiff must file a complaint with a short and plain statement establishing jurisdiction and showing entitlement to relief. *Id.* The body of the complaint must identify each defendant by name if possible (or explain why it is not possible), specify the claim(s) against each defendant, and allege sufficient facts supporting the elements of each claim. The complaint must do more than recite conclusory statements that mirror the legal elements; it must include specific factual allegations addressing each element of a claim, showing that it is facially plausible that the defendant is liable for the alleged misconduct. Mere legal conclusions or speculation are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

Here, the complaint falls short of Rule 8 because the allegations—while, if true, would constitute egregious misconduct—do not provide information necessary to evaluate the pleading under the plausibility standard and fails at times to distinguish among several defendants' conduct. *See Iqbal*, 556 U.S. at 678–79. For example, Plaintiff does not provide any details concerning the circumstances of his detention or the facts leading up to the use of force. In addition, the complaint fails to set forth facts sufficient to identify the applicable legal claim, as explained immediately below.

2.   The applicable claim for the alleged use of excessive force depends on the facts. The Ninth Circuit has explained:

> The Fourth Amendment's "objective reasonableness" standard "governs a free citizen's claim that law enforcement officials used excessive force," in any search or seizure, while the Fourteenth Amendment's objective reasonableness standard protects pretrial detainees. After conviction, "the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners."

*Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022) (citations omitted).

      Here, Plaintiff asserts an Eighth Amendment claim, but he does not allege, as required, that he was a convicted prisoner at the time of the incident. Instead, it appears that he may have been a pretrial detainee, as he was being held in an Orange County jail and is now being held in a Los Angeles County jail (presumably awaiting criminal proceedings). In any event, it is Plaintiff's burden to allege sufficient facts to support the asserted claim, and he has not done so in his complaint. His § 1983 claim for violation of the Eighth Amendment is therefore dismissed.

      3.    Plaintiff has not stated a claim against the Santa Ana Police Department. A municipal entity is liable under § 1983 under only three possible theories: (1) where the plaintiff's injury is attributable to the "execution of a government's policy or custom"; (2) local government fails to train employees "in a manner that amounts to 'deliberate indifference' to a constitutional right"; or (3) the individual who violated the plaintiff's constitutional rights had "final policy-making authority" or "or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018) (cleaned up). Plaintiff fails to allege facts supporting any of these three theories. Accordingly, his constitutional claims against the Santa Ana Police Department are dismissed.[1]

### III.

      "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because it is not "absolutely clear" that amendment would be futile, the court grants Plaintiff leave to file a first amended complaint (FAC). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). By December 5, 2025, Plaintiff shall file an amended complaint that addresses the deficiencies in the original complaint. Otherwise, Plaintiff's failure to respond by December 5

---

[1] The complaint does not specify whether Plaintiff is suing the unnamed officers in their individual or official capacities. To the extent that he is suing them in their official capacities, the complaint against them fails for the same reason. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

will be construed as an election to stand on the original complaint and will result in dismissal of all claims with prejudice for failure to state a claim. *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[Plaintiff's] failure to file an amended complaint [does] not negate the determination already made by the court that the complaint . . . on which [plaintiff] effectively elected to stand, failed to state a claim."); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 n.6 (9th Cir. 2011) (courts enjoy broad discretion to dismiss with or without prejudice under 12(b)(6)); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) (a court's authority to dismiss a complaint for failure to state a claim under § 1915 "tracks courts' ordinary authority to decide whether a dismissal for failure to state a claim should have preclusive effect").

Date: November 5, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge